Office of the Clerk
**District Court**
for the
Northern Mariana Islands
P.O. Box 500687
Saipan, MP 96950

Galo L. Perez
Clerk

Tel: (670) 236-2902
Facsimile: (670) 236-2910

May 20, 2005

Marilyn B. Alcon
Deputy Clerk
United States District Court
District of Guam
4th Floor, U.S. Courthouse
520 West Soledad Avenue
Hagatna, Guam 96910

Re:  Guam District Case No. 05-00037
     NMI District Case No. 95-00003-002

Dear Ms. Alcon,

     Please find enclosed certified copies of the complaint/information/indictment, plea agreement and judgment, you requested for.

     Should you have any questions regarding this matter, please do not hesitate to contact me.

Sincerely,
GALO L. PEREZ, Clerk of Court

By:  Amanda C. Hayes
     Generalist Clerk

RECEIVED
MAY 25 2005
DISTRICT COURT OF GUAM
HAGATNA, GUAM
FILED
DISTRICT COURT OF GUAM
MAY 25 2005
MARY L.M. MORAN
CLERK OF COURT

# United States District Court
## — District of the Northern Mariana Islands —

UNITED STATES OF AMERICA

v.

ROSARIO LEON GUERRERO,

## JUDGMENT IN A CRIMINAL CASE
(For **Revocation** of Probation or Supervised Release)
(For Offenses Committed On or After November 1, 1987)

CASE NUMBER: CR-95-00003-002 F I L E D
Clerk
District Court

Matthew Smith, Court Appointed
Defendant's Attorney

NOV 2 6 2003

For The Northern Mariana Islands
By _____
(Deputy Clerk)

**THE DEFENDANT:**

[✔] admitted guilt to violation of condition(s) _____ mandatory conditions _____ of the term of supervision.

[ ] was found in violation of condition(s) _____ after denial of guilt.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| | The defendant shall not commit another federal, state or local crime | 03/06/2003 |
| | The defendant shall not illegally possess a controlled substance | 03/06/2003 |

The defendant is sentenced as provided in pages 2 through ___3___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____ and is discharged as to such violation(s) condition.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: _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_

Defendant's Date of Birth: _06/21/1955_

Defendant's USM No.: _01091-093_

Defendant's Residence Address:

722A Santa Cruz Drive

Chalan Pago, Guam 96924

Defendant's Mailing Address:

P. O. Box 24957

GMF, Guam 96921

11/26/2003
Date of Imposition of Judgment

_Alex R. Munson_
Signature of Judicial Officer

Honorable, Alex R. Munson, Chief Judge
Name and Title of Judicial Officer

_11-26-2003_
Date

A TRUE COPY

Certified this _20TH_ day of _MAY_ _2005_

By_____
(Deputy Clerk)

76

DEFENDANT:        ROSARIO ALDAN LEON GUERRERO,
CASE NUMBER:   CR-95-00003-002

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of _____18 months_____ .

While in prison, it is recommended that she participate in any vocational and drug treatment programs offered by the Bureau of Prisons.

☐ The court makes the following recommendations to the Bureau of Prisons:


☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:    ROSARIO ALDAN LEON GUERRERO,
CASE NUMBER:    CR-95-00003-002

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____ 36 months _____ .

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994*:

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

☑   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:      ROSARIO ALDAN LEON GUERRERO,
CASE NUMBER:   CR-95-00003-002

# SPECIAL CONDITIONS OF SUPERVISION

Following release from imprisonment, the offender shall be placed on supervised release for a term of 36 months and must comply with the following conditions:

1. That the offender shall comply with the standard conditions of supervised release as set forth by the U.S. Sentencing Commission;

2. That the offender shall obey all federal, state, and local laws;

3. That the offender shall not possess or have at her residence any firearm, destructive device, or other dangerous weapon;

4. That the offender shall not use or possess illegal controlled substances and shall submit to one urinalysis within 15 days after release from imprisonment and to two more urinalysis thereafter not to exceed 60 days;

5. That the offender shall refrain from the use of any and all alcoholic beverages;

6. That the offender shall participate in a substance abuse treatment program approved by the U.S. Probation Office for the treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of alcohol and/or substance use or abuse. The offender shall also make co-payment for treatment at a rate to be determined by the U.S. Probation Office;

7. That the offender shall obtain and maintain gainful employment; and

8. That the offender shall perform 200 hours of community service under the direction of the U.S. Probation Office.

FILED
Clerk
District Court

MAY 30 1997

For The Northern Mariana Islands
(Deputy Clerk)

(NOTE: Identify Changes with...)

# United States District Court

## District of the Northern Mariana Islands

UNITED STATES OF AMERICA

v.

## ROSARIO LEON GUERRERO

Date of Original Judgment: _07/21/1995_
(or Date of Last Amended Judgment)

### AMENDED JUDGMENT IN A CRIMINAL CASE

(For Offenses Committed On or After November 1, 1987)

Case Number: **1:93CR00003-001**

Tred Eyerly, Esq.
Defendant's Attorney

**Reason for Amendment:**

- [ ] Correction of Sentence on Remand (Fed. R. Crim. P. 35(a))
- [ ] Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- [ ] Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(c))
- [ ] Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- [x] Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))
- [ ] Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- [ ] Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- [ ] Direct Motion to District Court Pursuant to
  - [ ] 18 U.S.C. § 3559(c)(7), or
- [ ] 28 U.S.C. § 2255,
- [ ] Modification of Restitution Order

**THE DEFENDANT:**

- [x] pleaded guilty to count(s)  * II and IV
- [ ] pleaded nolo contendere to count(s) ___ which was accepted by the court.
- [ ] was found guilty on count(s) ___ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| * 21 U.S.C. ' 952 (a) | Importation of Schedule II Controlled Substance | 11/22/1994 | II |
| * 21 U.S.C. ' 960 | Importation of Schedule II Controlled Substance | 11/22/1994 | II |
| * 21 U.S.C. ' 841 (a)(1) | Possession with Intent to Distribute a Schedule II Controlled Substance | 11/22/1994 | IV |
| * 21 U.S.C. ' 841 (b)(1) (B) | Possession with Intent to Distribute a Schedule II Controlled Substance | 11/22/1994 | IV |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- [ ] The defendant has been found not guilty on count(s) ___
- [x] Count(s)  * I and III ___ are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: * 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

Defendant's Date of Birth: * 06/21/1955

Defendant's USM No.: * 00109-005

Defendant's Residence Address:

* Asteo Road

Saipan                    MP      96950

Defendant's Mailing Address:

* Asteo Road

Saipan                    MP      96950

05/29/1997
Date of Imposition of Judgment

*Alex R. Munson*
Signature of Judicial Officer

**Honorable Alex R. Munson**

**Chief Judge**
Name & Title of Judicial Officer

May 29, 1997
Date

A TRUE COPY
Certified this 20th day of May 20 05

By _____ (Deputy Clerk)

45

DEFENDANT: **ROSARIO LEON GUERRERO**

CASE NUMBER: **1:95CR00003-001**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **\* 18 month(s)** .

**on Count II and IV to run concurrently.**

☒ The court makes the following recommendations to the Bureau of Prisons:

**That the defendant be placed at a facility where she can participate in a drug treatment program during the period of incarceration.**

☐ The defendant is remanded to the custody of the United States Marshal.

☒ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ a.m./p.m. on _____ .

    ☒ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245C (Rev. 3/95) Amended Judgment in a Criminal Case: Sheet 3 - Supervised Release        (NOTE: Identify Changes with Asterisks (*))

Judgment-Page    3    of    6

DEFENDANT:     **ROSARIO LEON GUERRERO**
CASE NUMBER:    **1:93CR00003-001**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of    <u>*    4     year(s)</u>

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒   The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).

See Special Conditions of Supervision - Sheet    **3.01**

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **ROSARIO LEON GUERRERO**
CASE NUMBER: **1:95CR00003-001**

# SPECIAL CONDITIONS OF SUPERVISION

**1. The defendant shall refrain from excessive use of alcohol and shall not purchase, use, distribute, or administer any narcotics or controlled substance, except as prescribed by a physician.**

**2. The defendant shall participate in a substance abuse program approved by the Probation Office. This program may include, but is not limited to, urinalysis testing to determine whether the defendant is using illegal drugs.**

**3. That the defendant shall perform 50 hours of community service by July 31, 1997. That the defendant shall, every Monday, file a written report with the court on what type of community service she has performed and how many hours of community service was performed and under whose supervision until the community service hours have been completed.**

**4) That the defendant shall participate in a drug rehabilitation program at the Commonwealth Health Center and shall continue in that program until the designated counselor notifies the court that counseling is no longer necessary.**

AO 245C (Rev. 3/95) Amended Judgment in a Criminal Case: Sheet 5, Part A - Criminal Monetary Penalties    (NOTE: Identify Changes with Asterisks (*))

Judgment-Page __4__ of __6__

DEFENDANT: **ROSARIO LEON GUERRERO**
CASE NUMBER: 1:93CR00003-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals:** | * $ 100.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . .  $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of     $_____

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____. An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
|  |  |  |  |

|  | Totals: | $ | $ |
|---|---|---|---|

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

AO 245C (Rev. 3/95) Amended Judgment in a Criminal Case: Sheet 5, Part B - Criminal Monetary Penalties     (NOTE: Identify Changes with Asterisks (*))

Judgment-Page ___5___ of ___6___

DEFENDANT:     **ROSARIO LEON GUERRERO**
CASE NUMBER:     **1:93CR00003-001**

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

* A ☒ in full immediately; or

* B ☐ $ _____ immediately, balance due (in accordance with C, D, or E); or

* C ☐ not later than _____ ; or

* D ☐ in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

* E ☐ in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The National Fine Center will credit the defendant for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States Courts National Fine Center, Administrative Office of the United States Courts, Washington, DC 20544, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. If the National Fine Center is not operating in this district, all criminal monetary penalty payments are to be made as directed by the court, the probation officer, or the United States attorney.

DEFENDANT: **ROSARIO LEON GUERRERO**
CASE NUMBER: **1:93CR00003-001**

# STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

## OR

☒ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):
**See attachment.**

**See Additional Factual Findings And Guideline Application Exceptions - Sheet  6.01**

**Guideline Range Determined by the Court:**

Total Offense Level: _____18_____

Criminal History Category: _____I_____

Imprisonment Range: _____57_____ to _____71_____ months

Supervised Release Range: _____4_____ to _____5_____ years

Fine Range: $ _____10,000.00_____ to $ __2,000,000.00__

    ☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

## OR

☒ The sentence departs from the guideline range:

    ☒ upon motion of the government, as a result of defendant's substantial assistance.

    ☐ for the following specific reason(s):

DEFENDANT:      **ROSARIO LEON GUERRERO**

CASE NUMBER:    **1:93CR00003-001**

# ADDITIONAL FACTUAL FINDINGS AND GUIDELINE APPLICATION EXCEPTIONS

Upon motion of the Government, Pursuant to Section 5K1.1 of the guidelines, based on the defendant's cooperation, the government moves for a downward departure. The Court grants the motion and sentenced the defendant to 18 months imprisonment.

F I L E D
Clerk
District Court

APR 10 1995

For The Northern Mariana Islands
By _____
(Deputy Clerk)

FREDERICK A. BLACK
United States Attorney
DAVID T. WOOD
Assistant U.S. Attorney
DISTRICT OF NORTHERN MARIANA ISLANDS
Horiguchi Bldg., Third Floor
P.O. Box 377
Saipan, MP 96950
Telephone:   (670) 234-9133
Fax No.  :   (670) 234-9159

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL CASE NO. 95-00003 |
| Plaintiff, | ) | |
| vs. | ) | **PLEA AGREEMENT** |
| ROSARIO LEON GUERRERO aka ROSARIO DE LEON GUERRERO, | ) | |
| Defendant. | ) | |

Pursuant to FRCP 11(e)(1)(C), the United States and the defendant ROSARIO LEON GUERRERO aka ROSARIO DE LEON GUERRERO, enter into the following plea agreement:

1.  The defendant ROSARIO LEON GUERRERO aka ROSARIO DE LEON GUERRERO agrees to enter a plea of guilty to Counts II and IV of the indictment:  Count II charging importation into the CNMI from a place outside thereof, on or about November 22, 1994, of unlawful drugs, to wit: a substance containing a mixture of crystal methamphetamine or "ice," a Schedule II Controlled Substance, in an amount of approximately 50 grams, in violation of Title 21 U.S.C.

ROSARIO LEON GUERRERO aka
ROSARIO DE LEON GUERRERO
PLEA AGREEMENT

A TRUE COPY
Certified this 20TH day of MAY 2005
By _____
(Deputy Clerk)

§§ 952(a), 960(a)(1) and Title 18 U.S.C. § 2; Count IV charging possession with intent to distribute, on or about November 22, 1994, of unlawful drugs, to wit: a substance containing a mixture of crystal methamphetamine or "ice," in an amount of approximately 50 grams, in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii).

2. The defendant, ROSARIO LEON GUERRERO aka ROSARIO DE LEON GUERRERO, further agrees to fully and truthfully cooperate with federal law enforcement agents concerning their investigation of the importation, possession, and distributionn of controlled substances and related unlawful activities, including the disposition of profits from and assets relating to such activities. The defendant agrees to testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so for the United States or the Commonwealth of the Northern Mariana Islands, subject to prosecution for perjury for not testifying truthfully. The defendant further understands that she remains liable and subject to prosecution for any criminal narcotic schemes of which she does not fully advise the United States, or for any material omissions in this regard. In return for this cooperation, the United States agrees not to prosecute defendant for any other non-violent offenses now known to the government or which she reveals to federal authorities.

3. As a part of her cooperation, the defendant understands

ROSARIO LEON GUERRERO aka
ROSARIO DE LEON GUERRERO
PLEA AGREEMENT                    2

FORM OBD-183
MAR 83

1 that she might be required to aid United States federal law
2 enforcement agencies by wearing a body recorder using telephones or
3 cameras or other information gathering devices should she be
4 requested to do so. If she is required to actively cooperate,
5 federal agents will take reasonable precautions to protect her
6 safety.

7     4. The United States advises the Court that the CNMI
8 Attorney General has assured the United States that the CNMI will
9 not charge the defendant ROSARIO LEON GUERRERO aka ROSARIO DE LEON
10 GUERRERO with any non-violent offenses including any previous
11 unlawful drug offenses on the basis of information the defendant
12 reveals in her cooperation.

13     5. Upon this plea being accepted by the Court, the United
14 States agrees not to charge the defendant with any other drug
15 related crimes based on any actions the defendant may have taken
16 prior to this agreement.

17     6. The defendant agrees to submit to a polygraph examination
18 concerning information she provides given by any qualified federal
19 polygraph examiner if requested to do so by a representative of the
20 United States Attorney's Office or other federal law enforcement
21 agency.

22     7. The United States agrees that the defendant has
23 substantially cooperated and has been of substantial assistance and
24 continues to cooperate with the United States in the investigation
25 of this and other matters and therefore recommends that the

26 ROSARIO LEON GUERRERO aka
ROSARIO DE LEON GUERRERO
PLEA AGREEMENT      3

FORM OBD-183
MAR. 83

defendant, as a maximum, receive a prison sentence of 24 months on each count. It is agreed that the sentence on Count II shall run concurrently with the sentence on Count IV. Because of the defendant's substantial continuing cooperation, the United States will evaluate the defendant's assistance during the period of cooperation and will give full and fair consideration to recommending a sentence of less than 24 months. However, the parties to this agreement understand that any such recommendation, should it occur, is within the sole discretion of the government.

8. The defendant ROSARIO LEON GUERRERO aka ROSARIO DE LEON GUERRERO further advises the Court that she has been advised of the following rights:

a) That she is presumed to be innocent and has a United States constitutional right to a trial by jury and that by voluntarily entering to a plea of guilty to the charges contained in the indictment she is waiving her United States constitutional right to trial by jury and that when the Court accepts her plea of guilty, she will be convicted of the crimes to which she pled guilty just as though she had been found guilty by jury;

b) That had her case been tried to a jury, that jury would have been composed of twelve persons and that she would have been presumed to be innocent and the jury would have been instructed that the presumption attached immediately and lasted throughout the trial and that the presumption was

ROSARIO LEON GUERRERO aka
ROSARIO DE LEON GUERRERO
PLEA AGREEMENT                    4

FORM OBD-183
MAR 83

overcome and the defendant could be convicted of the crimes charged only if all of the jurors found after all the evidence was presented that she was guilty of the crimes charged beyond a reasonable doubt;

c)  That she has a constitutional right to an attorney to represent her at all critical stages of a criminal proceeding and at trial;  that at a trial, she would not be required to testify unless she chose to do so and that she could testify if she chose to do so;  that the attorney for the government could ask her no questions if she chose not to testify but could ask questions on cross-examination if she chose to testify;

d)  That at a trial she could if she chose, cross-examine all government witnesses and challenge the legality of all government evidence, call witnesses to testify on her behalf, and compel them to attend without cost to her, and present any other evidence relevant to her defense;

e)  That she would have had a right to appeal a conviction by jury of any crime but that there is no appeal from a conviction by plea of guilty;

9.  The parties have made no agreements regarding a fine or fines and the court shall make its own determination on this issue with each party free to make its own recommendation.  However, the government will ask the Court to carefully consider the defendant's ability to pay prior to assessing a fine.

ROSARIO LEON GUERRERO aka
ROSARIO DE LEON GUERRERO
PLEA AGREEMENT                              5

FORM OBD-183
MAR. 83

10. The defendant ROSARIO LEON GUERRERO aka ROSARIO DE LEON GUERRERO advises the Court that her plea agreement with the United States is voluntary and not a result of any force, threat or promises apart from those contained in the plea agreement.

11. The defendant ROSARIO LEON GUERRERO aka ROSARIO DE LEON GUERRERO further advises the Court that she is fully satisfied with the representation of her lawyer and believes that her lawyer has done everything possible for her defense.

12. The defendant understands that the court by law is required in addition to any prison sentence imposed, to sentence her to an additional term of supervised release of not less than two (2) nor more than five (5) years.

13. Upon the court's acceptance of the defendant's plea of guilty and the terms of this agreement, all the charges against the defendant contained in Counts I and III of the indictment shall be dismissed.

3/28/95
DATE

ROSARIO LEON GUERRERO aka
ROSARIO DE LEON GUERRERO
Defendant

3/28/95
DATE

TRED R. EYERLY
Attorney for Defendant

FREDERICK A. BLACK
United States Attorney
Districts of Guam and NMI

3-27-95
DATE

BY:
DAVID T. WOOD
Assistant U.S. Attorney

ROSARIO LEON GUERRERO aka
ROSARIO DE LEON GUERRERO
PLEA AGREEMENT                    6

FORM OBD-183
MAR. 83

1   FREDERICK A. BLACK
    United States Attorney
2   DAVID T. WOOD
    Assistant United States Attorney
3   NORTHERN MARIANAS DISTRICT
    Horiguchi Building, Third Floor
4   P.O. Box 377
    Saipan, MP  96950
5   Telephone:  (670) 234-9133
    Fax:  (670) 234-9159
6
7   Attorneys for United States of America

F I L E D
Clerk
District Court

FEB 2 1 1995

For The Northern Mariana Islands

By_____
       (Deputy Clerk)

8           IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN MARIANA ISLANDS
9

10  UNITED STATES OF AMERICA,      )   CRIMINAL CASE NO. **95-0000**
                                   )
11              Plaintiff,         )
                                   )
12         vs.                     )   **INDICTMENT**
                                   )
13  WILLIAM S. TUDELA, and         )
    ROSARIO LEON GUERRERO aka      )
14   ROSARIO DE LEON GUERRERO,     )
                                   )
15              Defendants.        )
    _____)
16

17                      INDICTMENT

18                       COUNT I
           21 U.S.C. §§ 952(a), 963, 960(a)(1)
19                 and 18 U.S.C. § 2
    (Conspiracy to Import a Schedule II Controlled Substance)

20                      ✓ COUNT II
               21 U.S.C. §§ 952(a) and 960
21      (Importation of Schedule II Controlled Substance)

22                      COUNT III
           21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii)
23                 and 18 U.S.C. § 2
    (Conspiracy to Possess with Intent to Distribute
24          a Schedule II Controlled Substance)

25

26                      ✓ COUNT IV
           21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii)
27         (Possession with Intent to Distribute
            a Schedule II Controlled Substance)

28                          1

A TRUE COPY
Certified this  20TH  day of  MAY  20 05
By_____
       (Deputy Clerk)

2

<u>COUNT 1</u>

3    THE GRAND JURY CHARGES:

4    From an exact time unknown prior to the first week of July,

5    1994 through November 22, 1994, in the District of the Northern

6    Mariana Islands and elsewhere, WILLIAM S. TUDELA, did willfully and

7    knowingly conspire with co-defendant ROSARIO LEON GUERRERO aka

8    ROSARIO DE LEON GUERRERO and Ana Leon Guerrero Noble, an unindicted

9    co-conspirator herein, and with other persons known and unknown to

10   the Grand Jury to knowingly and intentionally import into the

11   United States from a place outside thereof, in excess of 100 grams

12   of crystal methamphetamine, "ice," a Schedule II controlled

13   substance, all in violation of Title 21 U.S.C. §§ 952(a), 963,

14   960(a)(1) and Title 18 U.S.C. § 2.

15                              <u>OVERT ACTS</u>

16   In furtherance of and to accomplish the object of the

17   conspiracy, the defendants WILLIAM S. TUDELA and ROSARIO LEON

18   GUERRERO aka ROSARIO DE LEON GUERRERO and their unindicted co-

19   conspirators performed the following overt acts, among others, in

20   the District of the Northern Mariana Islands and elsewhere.

21   1.   At various times between July 1, 1994 and November 22,

22   1994, WILLIAM S. TUDELA and ROSARIO LEON GUERRERO aka ROSARIO DE

23   LEON GUERRERO had conversations with Ana Leon Guerrero Noble

24   concerning a plan in which the defendants would transport more than

25   100 grams of crystal methamphetamine or "ice," from the Republic of

26   the Philippines to Saipan, Commonwealth of the Northern Mariana

27   Islands.   In mid-September, 1994, WILLIAM S. TUDELA and

28                                    2

ROSARIO LEON GUERRERO aka ROSARIO DE LEON GUERRERO transported approximately 167 grams of crystal methamphetamine or "ice," from Guam (where defendants had imported it from the Republic of the Philippines) to Saipan, Commonwealth of the Northern Mariana Islands.

2.   On or about November 22, 1994, WILLIAM S. TUDELA and ROSARIO LEON GUERRERO aka ROSARIO DE LEON GUERRERO imported into Saipan, Commonwealth of the Northern Mariana Islands from the Republic of the Philippines approximately 50 grams of crystal methamphetamine or "ice."

## COUNT II

On or about November 22, 1994 in the District of the Northern Mariana Islands, the defendants WILLIAM S. TUDELA and ROSARIO LEON GUERRERO aka ROSARIO DE LEON GUERRERO knowingly and intentionally imported into the United States from a place outside thereof, that is the Republic of the Philippines, approximately 50 grams of crystal methamphetamine or "ice," a Schedule II controlled substance, all in violation of Title 21, U.S.C. §§ 952(a) and 960.

## COUNT III

From an exact time unknown prior to the first week of July, 1994 through November 22, 1994, in the District of the Northern Mariana Islands and elsewhere, WILLIAM S. TUDELA, did willfully and knowingly conspire with co-defendant ROSARIO LEON GUERRERO aka ROSARIO DE LEON GUERRERO and Ana Leon Guerrero Noble, an unindicted co-conspirator herein, and with other persons known and unknown to

3

the Grand Jury to knowingly and intentionally possess with intent to distribute more than 100 grams of crystal methamphetamine or "ice," a Schedule II controlled substance, all in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) and Title 18 U.S.C. § 2.

OVERT ACTS

In furtherance of and to accomplish the object of the conspiracy, the defendants WILLIAM S. TUDELA and ROSARIO LEON GUERRERO aka ROSARIO DE LEON GUERRERO and their unindicted co-conspirators performed the following overt acts, among others, in the District of the Northern Mariana Islands and elsewhere.

1. At various times between July 1, 1994 and November 22, 1994, WILLIAM S. TUDELA and ROSARIO LEON GUERRERO aka ROSARIO DE LEON GUERRERO had conversations with Ana Leon Guerrero Noble concerning a plan in which the defendants would transport more than 100 grams of crystal methamphetamine or "ice," from the Republic of the Philippines to Saipan, Commonwealth of the Northern Mariana Islands. In mid-September, 1994, WILLIAM S. TUDELA and ROSARIO LEON GUERRERO aka ROSARIO DE LEON GUERRERO transported approximately 167 grams of crystal methamphetamine or "ice," from Guam (where defendants had imported it from the Republic of the Philippines) to Saipan, Commonwealth of the Northern Mariana Islands.

2. On or about November 22, 1994, WILLIAM S. TUDELA and ROSARIO LEON GUERRERO aka ROSARIO DE LEON GUERRERO imported into Saipan, Commonwealth of the Northern Mariana Islands from the

4

Republic of the Philippines approximately 50 grams of crystal methamphetamine or "ice."

## COUNT IV

On or about November 22, 1994, in the District of the Northern Mariana Islands, the defendants WILLIAM S. TUDELA and ROSARIO LEON GUERRERO aka ROSARIO DE LEON GUERRERO did knowingly and intentionally possess with intent to distribute approximately fifty (50) grams of crystal methamphetamine or "ice," a Schedule II controlled substance, all in violation of Title 21, § 841(a)(1) and (b)(1)(B)(viii).

DATED this 21 of February, 1995.

A TRUE BILL.

_____
Foreperson

FREDERICK A. BLACK
United States Attorney

By: _____
DAVID T. WOOD
Assistant U.S. Attorney

5